RECEIVED
APR 17 2008
Judge Robertson

April 8, 2008

1st Service: 4-37-08
2nd Service:____

Certified Return Receipt Requested
Mail #7007 3020 0001 1263 0291
1st Service

E. Barrett Prettyman U.S. Courthouse
Attn: Ms. Nancy Mayer-Whittington
     Clerk of Court
     Room 1834
333 Constitution Avenue, N.W.
Wasington, D.C.  20001

RE: Tyree v. Secretary of the Army;
    Petition For Writ Of Habeas Corpus
    For Release From The United States
    Army, 28 USC, §2241(c)(1)(2)(3),
    Which The Court Has Docketed As A
    2255 Habeas Corpus Petition.

Dear Ms. Mayer-Whittington:

Please review the attached page from the court. Please take notice that the court has, (I believe), mislabled this Habeas Petition as a **2255 Habeas Petition**.

I think we have a problem. **First**, (correct me if I am wrong), a 2255 Habeas Petition relates to an attack on a federal court imposed sentence: sentence of a court established by an Act of Congress to quote 28 USC, §2255. The Petition I filed does not attack a federal court imposed sentence; does not mention any where in the Petition a federal court imposed sentence; and is not related to incarceration; **Second**, the Petition I filed seeks the release of my person from the United States Army: the Army failed to financially discharge me. Pursuant to 10 USC, §1168(a), (as stated repeatedly in the Petition), until I am financially discharged, I am still in the Army; **Third**, there is a difference between attacking a federal sentence, and a Petition seeking a Writ of Habeas Corpus seeking release from the United States Army.

Now I understand that due to Local Rules in Washington, that all 1983 Actions, Writs, etc., are under one Local Rule. That Rule does not specifically set out 28 USC, §2241(c)(1)(2)(3), nor designate it as the statute used to seek release from the United States Army. However, the law books are full of such cases that use §2241(c)(1)(2)(3). I would appreciate it if you took

Page two
Letter to court

the time to review this matter, and correct it if necessary.

I would also respectfully point out that a 2255 Habeas Petition can not direct the Army to pay me the outstanding money I earned while on active duty. <u>Further</u>, once the court determines that I was not financially discharged, then the court must find that I am still in the Army. At that point, procedure would require the court to order me to go back to the Army pursuant to 10 USC, §938, (Article 138 of the Uniform Code of Military Justice [UCMJ]), and exhaust this matter administratively, prior to the court taking any further action. Currently, the Army maintains that I am legally discharged despite the fact that U.S. Army Finance Records attained in late 2006, reflect that I was never financially discharged. The Army refuses to review this matter administratively as it is under the incorrect belief that I am no longer in the Army. **1/**

I would like to clear this matter up immediately for the obvious reason that the court may have erred, and I do not want to suffer as a result of that possible error. I understand your office files alot of paperwork and computer related matters in one day. That could easily explain how a quick glance led to this situation and I do not cast blame on anyone. I just need to verify that by placing "Description: Habeas Corpus/2255" on the docket that the court will not out of hand, just dismiss my Petition, or rule against me on the grounds (set out herein), that I can't qualify for 2255 Habeas review. **I agree. I can't qualify for 2255 Habeas review, and I don't request that. I request, 28 USC, §2241(c)(1)(2)(3), Habeas review.**

Thank you for your time in this matter. If I need to file a Motion To Correct the Docket, please notify me, and I will file that motion immediately.

Respectfully submitted,

William M. Tyree
Pro se
P.O. BOX-100
S. Walpole, MA. 02071

*\* Please let me know if this Case is Properly Cited, docketed, and labled a 2255 HABEAS - or if it's been Corrected.*

---

**1/** The minute the court finds that I was not financially discharged from the Army, the court will have no choice but to either "stay the proceedings pending administrative exhaustion through Army channels" or "dismiss without prejudice the §2241(c)(1)(2)(3) Petition on grounds that I am not properly before the court as administrative remedies were not exhausted: since I was not financially discharged I am still in the Army and must first give the Army the chance to address any outstanding issue's related to the Army pursuant to 10 USC, §938."

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WILLIAM M. TYREE**<br>P.O. BOX-100<br>S. WALPOLE, MA 02071<br><br>          Petitioner<br><br>v.<br><br>**SECRETARY OF THE ARMY**<br>  CHIEF, ARMY LITIGATION<br>  DIVISION, 901 NORTH STUART<br>  STREET, SUITE 400,<br>  ARLINGTON, VA 22203-1837<br><br>          Respondent | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DOCKET NO. _____<br><br>Case: 1:08-cv-00565<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 4/1/2008<br>Description: Habeas Corpus/2255 |

PETITION FOR WRIT OF HABEAS CORPUS Ad SUBJICIENDUM,

28 USC, §2241(c)(1)(2)(3) FOR RELEASE FROM THE

UNITED STATES ARMY

### SYNOPSIS

1. That, the Petitioner, William M. Tyree, (hereafter "Tyree"), while assigned to the 441st Military Intelligence Detachment, (MID), 10th Special Forces Group, Airborne, (SFG(A), Fort Devens, Massachusetts, was arrested at 1820 hours (6:20 pm), 13 February 1979, for a non-military, civilian criminal offense.

2. That, Tyree was subseqently convicted of the civilian criminal