UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM M. TYREE, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| v. | ) Civil Action No. 08-0565 (JR) <br> ) |
| SECRETARY OF THE ARMY, | ) <br> ) |
| Respondents. | ) <br> ) |

**MEMORANDUM OPINION**

This matter is before the Court on petitioner's Petition for Writ of Habeas Corpus Ad Subjiciendum, 28 USC, § 2241(c)(1)(2)(3) for Release from the United States Army ("Pet.").[1]

Petitioner states that he was a member of the United States Army assigned to the 441st Military Intelligence Detachment when he was arrested on "13 February 1979, for a non-military, civilian criminal offense." Pet. ¶ 1. He further states that he "was [] convicted of [the] civilian criminal offense on 29 February 1980 (Leap Year)," that his conviction "was affirmed by the

---

[1] In relevant part, 28 U.S.C. § 2241 provides:

The writ of habeas corpus shall not extend to a prisoner unless –

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

28 U.S.C. § 2241(c).

Massachusetts Supreme Judicial Court," and that he is serving a prison sentence of life without parole at a correctional facility in Massachusetts. *Id*. ¶¶ 2, 11; *see Commonwealth v. Tyree*, 439 N.E. 2d 263 (Mass. 1982), *cert. denied*, 459 U.S. 1175 (1983).[2] Exhibits submitted with the petition demonstrate that the United States Army discharged petitioner under honorable conditions on October 15, 1982 because of his conviction in a civilian court. *See* Pet., Ex. 2 (Certificate of Release or Discharge From Active Duty).

Petitioner alleges that he "had never been financially discharged" from the United States Army ("Army"). Pet. ¶ 4. He claims that the Army owes him $1,035.00 for accrued leave and that he owes the Army $268.00. *Id*. ¶¶ 5-6. Because of these outstanding financial obligations, petitioner contends that his 1982 discharge from the Army was "in name only" and "led to [his] current nonmilitary status." *Id*. ¶ 8 (emphasis in original). In addition, he claims that his 1982 discharge violates 10 U.S.C. § 1168, *see* Pet. ¶¶ 4, 6, which provides:

> A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

10 U.S.C. § 1168(a). He demands an order directing the Army either to conduct an investigation "into the military problems that [he] has," or to "pay [him] the money the USA owe [him], with interest." *Id*. ¶ 9.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ [of habeas corpus] is to secure release

---

[2] Petitioner "was convicted of the murder in the first degree of his wife Elaine Tyree and sentenced to life imprisonment." *Tyree*, 439 N.E. 2d at 191.

from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For a prisoner who "is challenging the very fact or duration of his physical imprisonment," and who seeks [] a determination that he is entitled to immediate relief or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Habeas actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)).

The Court identifies three defects in the petition. First, petitioner does not appear to name the proper respondent. He names the Secretary of the Army as the respondent, yet nothing in the petition or its supporting exhibits suggests that petitioner currently is a member of the United States Army or that he is or ever was held in the custody of the United States Army. Rather, he currently is incarcerated at a Massachusetts correctional institution and is serving a sentence imposed by the courts of Massachusetts. The Warden of the facility at which he is incarcerated, then, is the proper respondent.

Second, petitioner does not appear to challenge the fact or duration of his custody. His petition focuses on outstanding financial obligations to the United States Army and demands resolution of these matters, not release from the custody of the Massachusetts officials responsible for his current incarceration.

Third, even if petitioner had named the proper custodian and had challenged his current custody, this Court cannot grant the habeas relief he purports to seek. This Court "may not entertain a habeas petition involving present physical custody unless the respondent custodian is

within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Neither petitioner nor his custodian are found in the District of Columbia.

For these reasons, the Court will deny the petition for a writ of habeas corpus and will dismiss this civil action without prejudice. Petitioner's "Motion for Review of Case Label" will be denied as moot. An Order consistent with this Memorandum Opinion will be issued separately.

JAMES ROBERTSON
United States District Judge